# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CALESTINI, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1679 |
| v. | (JUDGE CAPUTO) |
| PROGRESSIVE CASUALTY INS. CO., | |
| Defendant. | |

## MEMORANDUM ORDER

Before me is Defendant's Motion to Bifurcate and Stay Discovery. (Doc. 4.) The motion seeks to separate the Plaintiff's bad faith claims from his breach of contract claims for underinsured motorist coverage (UIM) under the insurance contract with Defendant.

The decision to bifurcate is within my jurisdiction, FED R. CIV. P. 42(b), and the Defendant has the burden of establishing that bifurcation is appropriate. *Reading Tube Corp. v. Employers Ins. of Wausau*, 944 F.Supp. 398, 404 (E.D. Pa. 1996). In support of its motion, Defendant suggests that it will be prejudiced if the motion is not granted because the evidence applicable to the claims is different; privileged material may be discoverable on the bad faith claim but not on the contract claims; Defendant may be deprived of the use of privileged material in defense of the bad faith claim; and, counsel may be witnesses in the bad faith claim.

None of these proffered reasons support the bifurcation and stay. The different evidence argument is of no moment. It simply does not matter what the extent of evidence may be in a civil action. It is economical to reveal it all at once. The concern over privilege is misplaced. If there are privileged matters sought in discovery, protection is available under

the Federal Rules of Civil Procedure. F ED. R. C IV. P. 26(b). Moreover, if the Defendant seeks to use privileged material in defense of the bad faith claim, if appropriate, Defendant can seek to limit its use in the contract claims. Lastly, the fact that counsel may be a witness in the bad faith claim is simply a risk of litigation, and if it arises, it can be dealt with in customary fashion.

Defendant cites several cases; some in support of its position; some not in support of its position. None of the cases govern here. Rather, my evaluation is based on the proffer made by Defendant in an effort to meet its burden to establish that bifurcation and stay of discovery are appropriate. In my discretion, I conclude there is no prejudice to the Defendant based upon the above analysis, and as a result, **IT IS HEREBY ORDERED** that Defendant's Motion to Bifurcate and Stay Discovery (Doc. 4) is **DENIED**.


Date: December 16, 2009 /s/ A. Richard Caputo
                                                      A. Richard Caputo
                                                      United States District Judge