IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK CALESTINI,

    Plaintiff,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:09-CV-1679

(JUDGE CAPUTO)

## ORDER

Presently before the Court is whether or not defendant Progressive has adequately pled the affirmative defense of "limited tort." The Court finds that it has, and Progressive will therefore be permitted to avail itself of this defense at trial.

"Limited tort" insurance limits recovery to medical and out-of-pocket expenses absent "serious injury." Pennsylvania Motor Vehicle Financial Responsibility Law ("PMVFRL"), 75 Pa. C.S. § 1705. This statutory bar to recovering non-economic damages is an affirmative defense which, pursuant to Federal Rule of Civil Procedure 8(c), must be timely pled by the defendant. *Sanderson-Cruz v. United States*, 88 F. Supp. 2d 388, 391 (E.D.Pa. 2000). Here, in Progressive's answer, affirmative defense 26 states: "Plaintiff's Complaint is or may be barred or otherwise limited by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701, et seq. as amended, and the Pennsylvania Insurance Statutes, 40 P.S. § 1, et. seq." The Court finds that this is sufficient to have established the "limited tort" affirmative defense. *See Durosky v. United States*, No. 3:CV-07-1828, 2008 WL 521204 (M.D.Pa. Feb. 27, 2008) (finding that defendant's asserting in its answer that plaintiff "could not recover non-economic damages in this case under PMVFRL" sufficiently established the "limited tort" affirmative defense). Therefore, Progressive has not waived

its right to this defense and can raise it at trial.

July 1, 2011
Date

A. Richard Caputo
United States District Judge